UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| David Tharp, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary, o/b/o INDIANA/KENTUCKY/OHIO REGIONAL COUNCIL OF CARPENTERS PENSION FUND; *et al.*, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:16-cv-20<br>) |
| IRIS PEREZ d/b/a NEW CONCEPT, | )<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Partial Summary Judgment and Designation of Evidence [DE 28] filed by the defendant, Iris Perez d/b/a New Concept, on July 18, 2017. For the following reasons, the motion is **DENIED.**

*Background*

The plaintiffs, David Tharp, Board of Trustees Chairman, and Doug Robinson, Board of Trustees Secretary, o/b/o Indiana/Kentucky/Ohio Regional Council of Carpenters Pension Fund, *et al.,* have requested relief under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, et seq. (ERISA), specifically §§ 502 and 515 of ERISA, 29 U.S.C. §1132 and §1145.

On December 29, 2009, New Concept signed a Memorandum of Agreement (MOA) with Indiana/Kentucky/Ohio Regional Council of Carpenters (Union) to pay union benefits on carpentry work. New Concept is a signatory to a collective bargaining agreement (CBA) with the Union and is bound by the plaintiffs' Trust Funds' Agreements and Declarations of Trust.

New Concept was required to make certain payroll deductions on flooring projects. The agreement permitted the plaintiffs' designee to perform payroll and related record audits to confirm compliance with the reporting and payment obligations concerning the amount of fringe benefits.

In December 2015, a payroll audit was conducted on New Concept's payroll records on behalf of the Carpenters Pension Fund, Health & Welfare Fund, Annuity Fund, and Apprenticeship Fund (Four Trust Funds) for the period of January 1, 2013 through September 30, 2014. Joan Forthofer, an auditor at LM Henderson & Company LLP, conducted the first audit and identified 4,192.42 variance hours, which resulted in $67,530.80 in delinquent contributions owed, plus interest, liquidated damages, and audit fees. The plaintiffs have claimed that additional deductions/contributions owed to the Union raised the total to $81,516.28, excluding attorneys' fees and costs.

The parties discussed the basis for deleting line items from the first audit. New Concept indicated that a number of line items were outside the CBA. Therefore, New Concept deleted 3,351.92 hours from the first audit report. New Concept has claimed that the amount that was owed on the first audit totaled $15,047.27, and the plaintiffs are in agreement.

A second payroll audit was conducted by Forthofer for the period of October 1, 2014 through December 31, 2016. The audit identified 4,473.46 variance hours and $78,377.37 in delinquent contributions owed plus interest, penalties, and audit fees for a total due of $103,331.11. The plaintiffs have claimed that additional contributions and deductions raised the total demand to $120,930.15, excluding attorneys' fees and costs.

The plaintiffs have alleged in Count I of the Amended Complaint that New Concept is in violation of §§ 502 and 515 of ERISA and 29 U.S.C. § 185 for failing to pay the delinquent

contributions and contractually required interest and liquidated damages owed for the period of January 1, 2013 through March 1, 2016 to the plaintiffs' Trust Funds. Count II of the Amended Complaint has alleged that New Concept is in breach of its contractual obligations by failing to pay the delinquent contributions to the Union for the months of January 1, 2013 through September 30, 2014.

New Concept has claimed that the two audits failed to account for the difference between covered and non-covered work. New Concept is a full service flooring company that also performs ceramic flooring, concrete services, and terrazzo restoration. New Concept has asserted that a bulk of audit entries should be deleted because they contained work that was performed outside the jurisdiction of the CBA. Therefore, New Concept has indicated that its total amount due is $18,097.08 for 997.25 hours. The plaintiffs have asserted that Forthofer reviewed New Concept's motion and the 52 exhibits and determined that there were items in the second audit that could be deleted. After her modifications, the revised second audit identified 534.68 variance hours and $9,370.19 in delinquent contributions owed.

New Concept filed the motion for summary judgment along with the declaration of Iris Perez, the owner of New Concept, and the declaration of Charissa Perez, the bookkeeper for New Concept. The plaintiffs filed a response in opposition on September 18, 2017, and New Concept filed a reply on December 1, 2017.

*Discussion*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); **Garofalo v. Vill. of Hazel Crest**, 754 F.3d 428, 430 (7th

Cir. 2014); **Kidwell v. Eisenhauer**, 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson**, 569 F.3d 779, 786 (7th Cir. 2009). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed. 2d 142, 155 (1970); **Stephens**, 569 F.3d at 786. If the non-movant bears the ultimate burden of persuasion on an issue at trial, the requirements are not as onerous for the moving party. **Modrowski v. Pigatto**, 712 F.3d 1166, 1168 (7th Cir. 2013). Under this circumstance, the moving party can either come forward with affirmative evidence negating an element of the opponent's claim or by asserting that the nonmoving party has insufficient evidence to succeed on its claim. **Modrowski**, 712 F.3d at 1169.

Summary judgment may be entered against the non-moving party if it "is unable to 'establish the existence of an essential element to [the party's] case, and on which [that party] will bear the burden of proof at trial . . . .'" **Kidwell**, 679 F.3d at 964 (quoting **Benuzzi v. Bd. of Educ.**, 647 F.3d 652, 662 (7th Cir. 2011) (quoting **Celotex**, 477 U.S. at 322)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." **Blythe Holdings, Inc. v. DeAgnelis**, 750 F.3d 653, 656 (7th Cir. 2014) (quoting **Anderson v. Liberty Lobby**, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The non-moving party must show specific facts that create a genuine issue for trial. **Blythe**, 750 F.3d at 656.

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. **Anderson**, 477 U.S. at 248; **Cung Hnin v. Toa,**

4

*LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. . . . [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

*Anderson*, 477 U.S. at 250; *see* *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149–51, 120 S. Ct. 2097, 2109, 147 L. Ed. 2d 105, 120–22 (2000) (setting out the standard for a directed verdict); *Celotex*, 477 U.S. at 322–23; *Stephens*, 569 F.3d at 786; *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008) (stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Blythe*, 750 F.3d at 656 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

The plaintiffs have brought this action under ERISA and the LMRA. Pursuant to § 515 of ERISA,

> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

**29 U.S.C. § 1145**. A fiduciary may bring a civil action to obtain appropriate equitable relief to redress a violation under ERISA or the terms of a plan. **29 U.S.C. § 1132(a)(3)**. A multiemployer plan is a fiduciary under section 1132(e). ***Line Const. Benefit Fund v. Allied Elec. Contractors, Inc.***, 591 F.3d 576, 579 (7th Cir. 2010) (citing ***Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.***, 502 F.3d 740, 744–745 (7th Cir. 2007)).

Section 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions
> (C) an amount equal to the greater of--
>   i. interest on the unpaid contributions, or
>   ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant,
> (E) such other legal or equitable relief as the court deems appropriate
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

**29 U.S.C. § 1132(g)(2)**. Under § 301 of the LMRA, a labor organization may sue an employer to enforce monetary obligations pursuant to the parties' CBA. ***DeLange v. Banks Design, Inc.***, 2010 WL 405981, at *5 (N.D. Ind. Jan. 27, 2010) (citing ***Jim McNeff, Inc. v. Todd***, 461 U.S. 260, 269, 103 S. Ct. 1753, 75 L. Ed. 2d 830 (1983)); *see* **29 U.S.C. § 185**.

The plaintiffs have indicated that there is no dispute that New Concept signed the MOA, and therefore was obligated by the CBA to make fringe benefit contributions and deductions to the plaintiffs based on the number of hours that New Concept's employees worked and that were covered by the CBA. The plaintiffs contend that the motion for summary judgment should be denied because several material facts are in dispute.

The plaintiffs have argued that there is a substantial difference in the parties' respective positions on the amount that New Concept owes, which requires review of the separate audits. The plaintiffs have accepted the reduced first audit amount for unpaid contributions as alleged by New Concept of $15,047.27. Moreover, in the plaintiffs' response, they recognized a reduction of an additional 24 hours for residential hours. Therefore, the plaintiffs have agreed to the reduced amount of $14,615.03 for the first audit.

However, the plaintiffs have indicated that there remains a question of fact regarding the second audit. The plaintiffs assert that Forthofer has reviewed the motion for partial summary judgment, Charissa's declaration, and the attached 52 exhibits. Forthofer also was made aware that the CBA did not cover certain types of work. Therefore, she made modifications to the second audit that reduced the number of unreported hours of employees' Daniel Garcia, Benjamin Kemple, Lester Pelfree, Cory Smith, Michael Wolfe, Nicholas Yoakurr, and subcontractor Gary Kain. She indicated that the reduced number of hours remained on the audit for reasons including that the documentation received was not sufficient to exclude work, hours could not be excluded, or the hours were not included in New Concept's exhibits.

The revised second audit identified 534.68 variance hours and $9,370.19 in delinquent contributions. In their response, the plaintiffs indicated that the second revised audit was sent to New Concept for review with the opportunity to produce additional records on the remaining

items, but that no additional documents were received. The Seventh Circuit has held that on a motion for summary judgment, an audit report is entitled to a presumption of correctness. ***Chicago District Council of Carpenters Pension Fund, et al. v. Reinke Insulation Co.,*** 347 F.3d 262, 265 (7th Cir. 2003). New Concept contends that the total delinquent contributions for the second audit is $3,482.05 based on 178.75 hours. New Concept in its reply brief has provided rebuttal documentation that some of the work conducted by the employees was not covered by the Union Agreement. However, a substantial difference in the amount due remains amongst the parties.

The court must draw all reasonable inferences in the plaintiffs' favor. New Concept bears the burden of proving the absence of a genuine issue of material fact. Given that the plaintiffs have presented discrepancies between New Concept's representations and the revised second audit regarding the number of variance hours and the amount of delinquent contributions due, a genuine issue of material fact remains. The record clearly has indicated that there is a dispute on the amount of delinquent contributions that are due.

Next, the plaintiffs assert that the second issue of material fact is whether the items that remain on the revised second audit are subject to deletion. New Concept has claimed that there was a misunderstanding regarding a term under the MOA and the CBA, collectively known as the Union Agreement. The parties are disputing whether the hours for Franciscan Alliance should be deleted from the revised second audit because it was an existing customer of New Concept before the MOA was signed. The parties each spent approximately one paragraph briefing this issue. Moreover, neither party has indicated where the ambiguity lies in the agreement nor provided any case authority. "Arguments not developed in any meaningful way

are waived." ***Cent. States, Se. & Sw. Areas Pension Fund v. Midwest Motor Express, Inc.,*** 181 F.3d 799, 808 (7th Cir. 1999).

In the plaintiffs' response, they provided a footnote which indicated that New Concept in its motion had not mentioned interest, liquidated damages, audit fees, attorneys' fees and costs that also were sought in the complaint. In their reply brief, New Concept has argued that the audit fees and the attorneys' fees that the plaintiffs seek are unreasonable, and therefore should not be awarded. It is well settled law in the Seventh Circuit that arguments raised for the first time in a reply brief are waived. *See **River v. Commercial Life Ins. Co.,*** 160 F.3d 1164, 1173 (7th Cir. 1998). Moreover, ERISA requires a court to award attorneys' fees and costs to a prevailing fiduciary in an action to collect delinquent contributions and permits the prevailing party to collect the interest on unpaid contributions plus liquidated damages as provided for under the plan. **29 U.S.C. § 1132(g)(2).** The court has not determined the amount of any delinquent contributions and therefore will not address these issues.

Based on the foregoing reasons, the Motion for Partial Summary Judgment and Designation of Evidence [DE 28] is **DENIED.**

ENTERED this 5th day of April, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge